UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

WENXIA MA                                  CIVIL ACTION NO. 23-cv-038

VERSUS                                     JUDGE DAVID C. JOSEPH

ALEJANDRO MAYORKAS ET AL         MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Wenxia Ma ("Plaintiff"), who is self-represented, filed this complaint against government officials and prayed for an injunction or mandamus to compel agency action on applications before the United States Citizenship and Immigration Services.  Before the court is the defendants' Motion to Dismiss (Doc. 10) on the grounds that the complaint has been rendered moot by agency approval of each of the subject applications.  The motion was noticed for briefing, but Plaintiff did not file a response.  For the reasons that follow, it is recommended that the motion to dismiss be granted.

**Analysis**

Plaintiff's complaint, filed in January 2023, stated that it is an action for declaratory and injunctive relief in the nature of a mandamus to compel agency action.  Plaintiff alleged that he is a citizen of the People's Republic of China, currently residing in Bossier City, with a pending application to register permanent residence or adjust status.  Plaintiff also alleged that he filed applications for derivative asylum on behalf of his spouse and two minor children.  He complained that the applications had been pending without resolution

despite several requests. His complaint sought relief based on the Administrative Procedures Act and the Due Process Clause of the Fifth Amendment. He prayed that the court order the defendants to adjudicate the pending applications.

The defendants represent in their motion to dismiss that, after the complaint was filed, Plaintiff received all of the relief he requested. Specifically, his application to register permanent residence or adjust status was approved, and his spouse and minor children were granted asylum in the United States. The motion provides details about the dates of these actions and attaches supporting documentation.

The United States Constitution, Article III, Section 2, Clause 1, requires the existence of a case or controversy to support a federal court's jurisdiction. The case-or-controversy requirement is present through all stages of federal judicial proceedings, meaning that the plaintiff must have throughout the litigation an actual injury that is likely to be redressed by a favorable judicial decision. Spencer v. Kemna, 118 S.Ct. 978, 983 (1998). For example, a prisoner's petition that sought immediate release was rendered moot during appeal when she was released. Salgado v. Fed. Bureau of Prisons, 220 Fed. App'x 256 (5th Cir. 2007).

Based on these principles, courts have dismissed similar complaints when the immigration-related applications at issue were adjudicated while the complaint was pending. See, e.g., Tariq v. Blinken, No. 2023 WL 2661543 (N.D. Tex. 2023) (adjudication of daughter's visa application after suit was filed rendered action moot and required dismissal) and Guilarducci v. Blinken, 2021 WL 5140874 (N.D. Tex. 2021) (case dismissed as moot after consular officer adjudicated visa application). Plaintiff has not

filed any opposition to the motion or otherwise presented any reason that the complaint should not be dismissed as moot.  All relief requested in the complaint has been afforded by subsequent agency action.

Accordingly,

It is recommended that defendants' Motion to Dismiss (Doc. 10) be granted and that this civil action be dismissed without prejudice for lack of subject matter jurisdiction because the claims presented are moot.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of August, 2023.

Mark L. Hornsby
U.S. Magistrate Judge